UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO. 3:12-CV-153-H

PLEASANTS MASON GROUP, LLC
PLAINTIFF

V.

OLDHAM COUNTY ENVIRONMENTAL AUTHORITY                    DEFENDANT

**MEMORANDUM OPINION AND ORDER**

Plaintiff filed this lawsuit alleging that Defendant's actions constitute a taking of Plaintiff's property in violation of his Fifth- and Fourteenth-Amendment Constitutional rights. Defendant now moves to dismiss Plaintiff's claims for lack of subject matter jurisdiction. The motion is ripe for determination and the Court has considered each party's arguments.

**I.**

When deciding on a motion to dismiss, the Court must accept all facts alleged in a complaint as true, but the same deference is not afforded to mere legal assertions and conclusions. *Papasan v. Allain*, 478 U.S. 265, 286 (1986). To survive a motion to dismiss, a "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

The alleged facts of this case are fairly straightforward. Plaintiff, a residential developer, purchased land in Oldham County, Kentucky, with the intention of developing it into a residential subdivision. As part of its plan, Plaintiff pre-purchased sewer connections from Defendant, previously named the Oldham County Sewer District. Pursuant to the pre-purchase agreement, Defendant promised to refund Plaintiff's payments if construction approval was ultimately denied

because of unavailable capacity or other valid reasons.  More than three years later, Plaintiff was notified that new water flow had not been approved for the area where its land was located, and Plaintiff was therefore unable to install sewer connections or develop the neighborhood as planned. Plaintiff alleges that Defendant relocated sewer construction, which had previously been allocated to Plaintiff's property, to another location, further preventing Plaintiff's development.  As a result of Plaintiff's inability to secure sewer connections, it has been unable to develop or sell its property and has suffered substantial monetary losses.  Plaintiff filed this lawsuit alleging that Defendant's actions, both regarding the relocation of sewer connections and the refusal to refund Plaintiff's pre-payments, constitute takings of its property without due process.

## II.

Defendant argues dismissal is proper because the Court lacks subject matter jurisdiction over Plaintiff's claims.  Defendant's argument is twofold: First, it argues that Plaintiff's takings claims are not ripe for federal review because Plaintiff must exhaust state administrative and judicial remedies before bringing these claims to federal court; Second, it argues that Plaintiff's claim for a refund of its pre-payments for sewer connections is a contract claim, despite Plaintiff's attempt to plead it as a takings claim, and it, too, must be brought in a state court.

In the Sixth Circuit, "a taking claim is not ripe for review in federal court where the plaintiff has not used an adequate and available state inverse condemnation procedure." *Martin v. Jefferson Cnty.*, 78 F.3d 585, at *2 (6th Cir. 1996) (table) (citing *Williamson Cnty. Reg'l Planning Comm'n v. Hamilton Bank*, 473 U.S. 172, 194-97 (1985)).  Kentucky is a state whose laws clearly provide for inverse condemnation actions, *Druin v. Louisville and Jefferson Cnty. Metro. Sewer Dist.*, No. 3:04CV-486-R, 2005 WL 1994523, at *2 (W.D. Ky. Aug. 16, 2005), and the Sixth Circuit has

explicitly recognized this.  *Hammond v. Baldwin*, 866 F.2d 172, 179 (6th Cir. 1989).  Since Kentucky provides adequate state procedures for inverse condemnation claims, Plaintiff must exhaust them before his claim is ripe for federal review.  The record in this case lacks any indication that Plaintiff pursued state administrative or judicial remedies prior to filing this lawsuit.  For this simple reason, the Court lacks subject matter jurisdiction over Plaintiff's takings claim regarding the relocation of sewer connections.

Although this same rationale could apply to Plaintiff's takings claim regarding a refund of his payments for sewer connections, this claim actually appears to be a basic contract claim, rather than a takings claim, since it is based on Defendant's alleged breach of a written agreement between the parties.  Federal courts do not have subject matter jurisdiction over ordinary contract claims absent some component that satisfies requirements of federal jurisdiction.  No other basis for federal subject matter jurisdiction has been asserted for Plaintiff's claim to a refund of pre-payments, and the Court cannot identify any.  Therefore, this claim, irrespective of whether it is actually a contract claim or a takings claim,  must also be dismissed.

For the reasons stated and being otherwise sufficiently advised,

IT IS HEREBY ORDERED that Defendants' Motion to Dismiss is SUSTAINED and Plaintiff's claims are DISMISSED WITHOUT PREJUDICE.

cc:    Counsel of Record

3